UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-60351-CR-ALTMAN/HUNT

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GEORGE TUCKER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the undersigned on an Order of Reference (ECF No. 49) from United States District Judge Roy K. Altman, for the purpose of conducting a proceeding for considering Defendant's request to withdraw a previously-entered guilty plea and to enter a new guilty plea with a new plea agreement in the above-referenced case. The undersigned, having conducted a hearing on August 14, 2020, recommends to the District Court as follows:

1. On August 14, 2020, the undersigned held a hearing to address Defendant George Tucker's request to withdraw his previously-entered guilty plea and to enter a new one.

2. At the outset of the hearing, Defendant consented to holding the hearing by video conference. A written waiver/consent on this issue was also provided. ECF No. 47. Both parties agreed that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution that they were eager to finalize, and they did not want to further delay the matter. There is a sentencing date in place next week that both parties

would like to keep, and that would not be possible if the change of plea were delayed to permit an in-person appearance. Accordingly, pursuant to S.D. Fla. Administrative Orders 2020-53 and 2020-40, the undersigned finds that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

3. The undersigned also advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, Defendant was advised that the Change of Plea hearing was being conducted on an Order of Reference from the District Judge, at the request of Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case. The undersigned further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

4. Defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the undersigned conducting the Change of Plea hearing.

5. The undersigned next inquired as to Defendant's stated desire to withdraw his previously-entered guilty plea, which was entered before the undersigned, with the R and R subsequently adopted by the District Judge. *See* ECF Nos. 23, 25, 28. After a district court has accepted a defendant's guilty plea, but before sentencing, the defendant may withdraw a guilty plea if: (1) the district court rejects a plea agreement that contains a

binding sentencing recommendation or an agreement to dismiss charges; or (2) the defendant can show a fair and just reason for requesting the withdrawal. In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a plea, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *United States v. Zamas*, 679 Fed. App'x 991, 992-93 (11th Cir. 2017).

6. Defense counsel proffered that additional evidence disclosed after the previous plea was entered supported the possible filing of new drug-related charges. Because no grand juries are currently impaneled, it was impractical for the Government to try to supersede the Indictment. The Parties agreed that it was in their mutual best interest to address the new potential charges in a new plea agreement, and to reenter a guilty plea to the sole charge in the existing Indictment pursuant to that agreement. Defense counsel and Defendant affirmed that they desired this relief, and the Government confirmed that it would not be prejudiced, and did not object to the request. The undersigned has considered the factors discussed above and finds that Defendant has shown "a fair and just reason for requesting the withdrawal," which the Government does not oppose. Accordingly, the undersigned recommends that Defendant's request to withdraw his previously-entered guilty plea be granted.

7. The undersigned conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

8. The Parties have entered into a written Plea Agreement. ECF No. 52. The undersigned reviewed the Plea Agreement on the record and had Defendant acknowledge that he signed (through his attorney) and understood the Plea Agreement. The undersigned also made certain that Defendant was aware of any applicable mandatory minimum sentences (there are none) and statutory enhancements (there are none). Defendant was advised of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes. Defendant acknowledged that he understood the possible maximum penalties (including fines, supervised release, restitution, and special assessments) that could be imposed in this case.

9. Defendant pleaded guilty to Count 1 of the one-count Indictment, which charges him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant also consented to the forfeiture count.

10. The Plea Agreement contains a waiver of appeal, which the undersigned discussed with Defendant on the record. Defendant acknowledged in response to the undersigned's questions that by entering into the Plea Agreement containing the appeal waiver, he was waiving or giving up all rights to appeal his conviction and any sentence imposed by the District Court in this case, including forfeiture and restitution, except under the limited circumstances set forth in the appeal waiver provision in the Plea Agreement. The undersigned finds that Defendant entered into this waiver knowingly, intelligently, and voluntarily.

11. The parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 53), which includes all the essential elements of the crime to

which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable (there are none).   Defendant acknowledged on the record that he had read and signed (through his attorney) the written proffer and agreed that the facts set forth in the proffer were true and accurate, and that they included the essential elements of the offense to which he is pleading guilty, including a specific acknowledgement that Defendant knew at the time of this firearm possession offense that he had a prior felony conviction.

12.   The undersigned advised Defendant about the possible immigration and other collateral consequences of his guilty plea.

13.   Defendant expressed satisfaction with his counsel's representation.

14.   Based on all the foregoing and the plea colloquy, the undersigned recommends to the District Judge that Defendant, George Tucker, be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment as more particularly described herein and that he be adjudged guilty of this offense.

15.   A Presentence Investigation Report (PSI) has already been prepared for the District Court by the United States Probation Office.   The Parties represented that the new plea agreement should not materially affect the existing PSI.   **The Parties were advised in court that sentencing has been set for August 20, 2020, at 1:00 p.m. via videoconference before the Honorable Roy K. Altman, United States District Judge.**   This Report shall serve as additional notice to the parties of this date and time.

Accordingly, the undersigned RECOMMENDS that Defendant George Tucker's request to withdraw his previously-entered guilty plea be granted, that his

newly-entered plea of guilty be accepted, that Defendant be adjudged guilty of the offense to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.   See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).  **The undersigned requested that counsel promptly file a notice of non-objection if they have no objections to the Report and Recommendation.**

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 14th day of August, 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Roy K. Altman
U.S. Probation
All counsel of record